# Exhibit A

## Underlying Complaint

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE EIGHTH JUDICIAL CIRCUIT |
| COUNTY OF GREENWOOD ) | |
| ) | |
| FRED PARKER and TARAS ) | |
| MICHAEL PARKER, ) | |
| ) | COMPLAINT |
| ) | (JURY TRIAL DEMANDED) |
| PLAINTIFFS, ) | |
| ) | 2018-CP-24- |
| VS. ) | |
| ) | |
| DARRYL JEROME MATTISON, ) | |
| LAWRENCE R. MEADOWS, ) | |
| RODERICK M. CUMMINGS, ) | |
| ZEBULON YOUNG, ) | |
| d/b/a FIRST FAMILY FUNERAL ) | |
| HOME, FIRST FAMILY ) | |
| FUNERAL HOME, LLC, and ) | |
| EGGERS FUNERAL HOME, LLC, ) | |
| ) | |
| DEFENDANTS. ) | |

NOW COME THE PLAINTIFFS above named, who would respectfully allege and show unto this Court as follows:

1. Plaintiff, Fred Parker, Jr., is a citizen and resident of Saluda County, South Carolina. Mr. Parker was the husband of Mary Alice Pitts Moore, now deceased.

2. Plaintiff, Taras Michael Parker, is a citizen and resident of Saluda County, South Carolina. Mr. Parker is the son of Mary Alice Pitts Moore, now deceased.

3. Defendant, Darryl Jerome Mattison, is believed to be a citizen and resident of Spartanburg County, South Carolina, and is or was a licensed Funeral Home Director, through the State of South Carolina. In the alternative, Defendant Mattison illegally held himself out as a licensed funeral home director and received payment for funeral services.

2

4.     Defendant, Lawrence R. Meadows, is believed to be a citizen and resident of Spartanburg County, South Carolina, and is or was a licensed Funeral Home Director, through the State of South Carolina.  In the alternative, Defendant Meadows illegally held himself out as a licensed funeral home director and received payment for funeral services.

5.     Defendant, Roderick M. Cummings, Sr., is believed to be a citizen of Spartanburg County, South Carolina and is or was a Funeral Director licensed through the State of South Carolina.  In the alternative, Defendant Cummings illegally held himself out as a licensed funeral home director and received payment for funeral services.

6.     Defendant, Zebulon Young, is believed to be a citizen of Greenwood County, South Carolina and is or was a Funeral Director licensed through the State of South Carolina.  In the alternative, Defendant Young illegally held himself out as a licensed funeral home director and received payment for funeral services.

7.     That Defendants Mattison, Meadows, Cummings and Young are or were partners in a business known as First Family Funeral Home, which is or was a South Carolina licensed funeral home and operating in Spartanburg, South Carolina, and Greenwood, South Carolina.  In the alternative Defendants Mattison, Meadows, Cummings and Young illegally operated an unlicensed funeral home known as First Family Funeral Home.

8.     That Defendant, First Family Funeral Home, LLC, was incorporated under the laws of the State of South Carolina some time in 2016 during the events which took place in this matter.

9.     That Defendant, Eggers Funeral Home, LLC, is a business incorporated under the laws of the state of South Carolina, with its principle place of business being in Chesnee, South Carolina.

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

10. It is believed that Defendants Mattison, Meadows, Cummings and Young or some combination of the named Defendants are officers, shareholders, employees, and/or agents of First Family Funeral Home, LLC.

11. That prior to the incorporation of First Family Funeral Home, LLC, Defendants Mattison, Meadows, Cummings and Young were the owners, employees, and/or agents of the unincorporated First Family Funeral Home, and at all times relevant hereto, were acting in their capacity and scope thereof.

12. A significant portions of the events which are complained of herein have taken place in Greenwood County, South Carolina.

13. On or about March 26, 2015, Mary Alice Pitts Moore passed away in Anderson, South Carolina. Her body was transferred from Anderson to First Family Funeral Home located in Greenwood South Carolina. The Plaintiffs made arrangements with Defendants, Mattison, Meadows, Cummings and/or Young, for the removal, preparation, care and cremation of the decedent's body.

14. Plaintiff, Fred Parker, Jr., his son, daughter and other family friends paid Defendants Mattison, Meadows, Cummings and/or Young for their services.

15. In March of 2015, a Celebration of Life was held at First Family Funeral Home in Greenwood, before which Plaintiff, Parker, Jr., viewed the decedent's body. The decedent's body was also viewed by those attending the Celebration of Life.

16. Defendants Mattison, Meadows, Cummings and/or Young, through their business, First Family Funeral Home, took receipt of Decedent's body and after the Celebration of Life, failed to take any measures to properly dispose of Decedent's body through cremation or otherwise.

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

17.     Defendants stored Decedent's body in an unrefrigerated room inside the First Family Funeral Home at 324 Old Abbeville Highway, Greenwood, South Carolina. At some point the body was moved to 930 Chesnee Highway, Spartanburg, South Carolina, where it was eventually discovered.

18.     The Decedent's body was stored on a wooden board, covered in blankets and surrounded by fragrant items, specifically placed there to mask the smell of the decomposing body. For nearly the next three years, the Decedent's body was left in the storage room to rot.

19.     On February 8, 2018, the Decedent's body was found so badly decomposed, that it took nearly two weeks to identify it as the Decedent.

20.     As a direct and proximate cause of the foregoing, Plaintiffs were unable to give Decedent a proper burial.

21.     As a direct and proximate cause of the foregoing, Plaintiffs have suffered and continue to suffer severe mental pain, anguish, and extreme emotional distress, anxiety, humiliation, and embarrassment. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

### FOR A SECOND CAUSE OF ACTION

22.     The allegations contained in paragraphs 1 through 21 are reiterated herein as fully as if repeated verbatim.

23.     Defendants owed a duty to the Plaintiffs, the immediate family of the Decedent, to properly and competently dispose of the Decedent's remains in a professional manner as paid for and promised.

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

24.     The Defendants negligently, recklessly, maliciously, wantonly, and/or intentionally mishandled the Decedent's remains in one or more of the following ways:

   a. failing to embalm or properly embalm the body of Decedent;

   b. failing to order the cremation of Decedent's body;

   c. failing to take any of the necessary and reasonable measures to cremate the body of Decedent;

   d. failing to ensure that all necessary and reasonable measures were taken to cremate the body of Decedent;

   e. failing to maintain Decedent's body in an appropriate temperature;

   f. failing to properly store Decedent's body;

   g. failing to maintain the body of Decedent in any reasonable or prudent way under the facts and circumstances then existing;

   h. failing to keep Decedent's body in a good condition;

   i. failing to notify or otherwise advise Plaintiffs as to the status of the body of the Decedent;

   j. failing to notice that Decedent's body was deteriorating and decomposing;

   k. failing to advise Plaintiffs of their failure to properly preserve the body and/or cremate the body of decedent;

   l. failing to keep itself apprised or adequately apprised of the condition of Decedent's body;

   m. failing to properly store Decedent's body;

   n. intentionally storing Decedent's body in a manner which any reasonable person would know would lead to the decomposition and rotting of the body of Decedent;

   o. failure to treat the body of Decedent with the care reasonably expected under the circumstances;

6

25. Defendants so maliciously, wantonly, and/or negligently mistreated the body of Decedent that malice can be implied.

26. Defendants acted in a manner exhibiting a total want of care sufficient to create a presumption of a conscious indifference to the consequences and to the effects on the Plaintiffs. Defendants showed a considerable amount of malice since they knew the Plaintiffs would suffer severe agony and emotional distress when confronted with the callousness, indifference, insults and indignities of having the Decedent's body disintegrate in a storage room of the funeral home. The placement of the incense around the body, in an effort to cover the smell, is further evidence of the malicious and reckless indifference to the feelings and psyche and severe agony and mental distress to Plaintiffs.

27. Defendants acted in wanton, outrageous and careless manner that was indifferent to the rights of the Deceased and to the rights of Plaintiffs to have the remains of their loved one properly and respectfully treated.

28. Defendants' actions were so grossly negligent, wanton, and/or reckless as to be equivalent to an intentional violation of the rights of the Plaintiffs.

29. As a direct and proximate result of Defendants' conduct, in great indifference to the effect of the conduct on the Plaintiffs, Plaintiffs were shocked and overwhelmed when they learned the terrible state of their loved ones body and as a result, have been shocked and emotionally scarred for the remainder of their lives. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

30.     In their conduct, Defendants acted intentionally, knowingly, with fraud and malice and reckless and conscious disregard for the rights of the Plaintiffs. Plaintiffs are therefore entitled to actual, punitive and exemplary damages from Defendants in such an amount as shall be necessary and appropriate to punish Defendants and to deter them any anyone else from ever committing similar indecencies upon human remains again.

## FOR A THIRD CAUSE OF ACTION

31.     The allegations contained in paragraphs 1 through 30 are reiterated as fully as if repeated verbatim herein.

32.     At all times relevant hereto, a statute was in effect in the State of South Carolina which provided: "it is unlawful for a person willfully and knowingly, and without proper legal authority to: (1) destroy or damage the remains of a deceased human being; or (3) desecrate human remains." S.C. St. §16-17-600.

33.     The requirements set forth in these statutes impose a duty upon individuals, such as Defendants, to appropriately treat and care for dead bodies.

34.     Defendants breached the duty imposed upon them by the above-referenced statutes by negligently, willfully, knowingly, wantonly and/or recklessly mishandling decedent's body in violation of said statutes.

35.     Defendant's breach of the duty imposed upon them by the above-referenced statutes constitute negligence per se.

36.     As a direct and proximate result of Defendants' conduct and great indifference to the effect of that conduct on Plaintiffs, Plaintiffs were shocked and overwhelmed when they learned of the terrible state of decedent's body and, as a result, were unable to give the Decedent proper respect and burial pursuant to Plaintiffs' beliefs.

8

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

37.     As a direct and proximate cause of the foregoing, Plaintiffs have suffered and continue to suffer severe emotional pain, anguish and extreme emotional distress, anxiety, humiliation, and embarrassment.  Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent.  Plaintiffs will be in need of care, now and for the foreseeable future.

38.     In their conduct, Defendants acted intentionally, knowingly, with oppression, fraud and malice in the reckless and conscious disregard of the rights of the Plaintiffs.  Plaintiffs are therefore entitled to actual, punitive and exemplary damages from defendants in such amount as shall be necessary and appropriate to punish Defendants and to deter them and anyone else from ever committing similar indecencies upon human remains.

### FOR A FOURTH CAUSE OF ACTION

39.     The allegations contained in paragraphs 1 through 38 are reiterated as fully as if repeated verbatim herein.

40.     Plaintiffs entered an express and/or implied agreement with Defendants that for the consideration of payment by Plaintiffs, Defendant would properly dispose of the decedent's body by cremation.

41.     Defendants breached the express and/or implied agreement between Plaintiffs and/or themselves and failed to fulfill the duties they owed the Plaintiffs by failing to cremate the decedent's body, failing to maintain decedent's body in a room at proper temperature, by improperly storing Plaintiff's body for a period of nearly three years, by allowing Decedent's body to decompose over a lengthy period of time, and by failing to use any semblance of decency in dealing with Decedent's body by putting her into a storage room, covered by blankets and allowing her body to rot.

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

42. In the alternative, Defendants had possession of Decedent's body pursuant to the express and/or implied agreement and was therefore a bailee of Decedent's body and Plaintiffs were the bailors. Such bailment was for the mutual benefit of the bailor and the bailee and was based on the consideration set forth above.

43. As a bailee, Defendants were under a duty to discharge in a reasonable manner all of the duties and obligations imposed on a bailee who is in possession of property and such duty was breached by a manner and method in which Defendant held, possessed and treated the body of Decedent as described heretofore.

44. As a direct and proximate result of Defendant's breach of the Agreement, Plaintiffs were shocked and overwhelmed when they learned of the terrible appearance of the body and were unable to properly mourn the Decedent and were unable to give Decedent proper respect and burial Plaintiffs' belief.

45. As a further direct and proximate result of the foregoing, Plaintiffs have suffered and continue to suffer severe mental pain, anguish, and extreme emotional distress, anxiety, humiliation and embarrassment. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

46. In their conduct, Defendants acted intentionally, knowingly with oppression, fraud and malice and in reckless and conscious disregard of the rights of the Plaintiffs. Plaintiffs are therefore entitled to actual, punitive and exemplary damages from Defendants in such an amount as shall be necessary and appropriate to punish Defendants and to deter them and anyone else from ever committing similar indecencies upon human remains again.

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

## **FOR A FIFTH CAUSE OF ACTION**

47. The allegations contained in paragraphs 1 through 46 are reiterated as fully as if repeated verbatim herein.

48. Defendants owed a duty to Plaintiffs, the immediate family of Decedent, to properly dispose of Decedent's remains in a competent, professional manner.

49. Defendants breached the duty of care of Plaintiffs by placing Decedent's remains into a storage room and leaving the remains to deteriorate over a period of years.

50. Plaintiffs have suffered extreme emotional distress as a result of the mishandling of Decedent's body by the Defendants, having found these acts to be offensive and having been unable to prevent these acts from occurring. Plaintiffs were shocked and overwhelmed when they learned of the terrible condition of Decedent's body, and as a result were unable to properly mourn Decedent and were unable to give Decedent a proper respect and burial pursuant to Plaintiffs' beliefs.

51. As a direct and proximate result of Defendants conduct, as heretofore described, Plaintiffs suffered severe mental injuries and emotional distress that no reasonable person could be expected to endure or adequately cope with. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

52. As a further direct and proximate result of the foregoing, Plaintiffs have suffered and continue to suffer severe mental pain, anguish and extreme emotional distress, anxiety, humiliation and embarrassment. Plaintiffs have had to seek the advice, counsel, and care of

medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

53. In their conduct, Defendants acted intentionally, knowingly, with oppression and fraud and malice and in reckless and conscious disregard for the rights of the Plaintiffs. Plaintiffs are therefore entitled to actual, punitive and exemplary damages from Defendants in such an amount as shall be necessary and appropriate to punish Defendants and to deter them and anyone else from ever committing similar indecencies upon human remains again.

### FOR A SIXTH CAUSE OF ACTION

54. The allegations contained in paragraphs 1 through 53 are reiterated as fully as if repeated verbatim herein.

55. By failing to properly care for the body of Decedent, and by doing so with full knowledge that Plaintiffs wanted the body cremated, Defendants engaged in extreme reprehensible and outrageous conduct and intended to cause Plaintiffs severe emotional distress or acted with reckless disregard for the risk thereof, or was certain or substantially certain that such distress would result from their conduct.

56. Defendants' conduct as heretofore described, was negligent, intentional, wanton and/or reckless and/or so outrageous that it is not to be tolerated by civilized society and was so extreme and outrageous as to exceed all possible bounds of decency.

57. Plaintiffs suffered extreme emotional distress as a result of the mishandling of Decedent's body by Defendants, having found these acts to be offensive and having been unable to prevent these acts from occurring.

58. As a direct and proximate result of Defendants' conduct as heretofore described, Plaintiffs suffered severe mental injuries and emotional distress that no reasonable person could

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

be expected to endure or adequately cope with. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

59. As a direct and proximate result of the foregoing, Plaintiffs have suffered and continue to suffer severe mental anguish and extreme emotional distress, anxiety, humiliation and embarrassment. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

60. In their conduct, Defendants acted intentionally, knowingly with oppression, fraud and malice in a reckless and conscious disregard for the rights of the Plaintiffs. Plaintiffs are therefore entitled to actual, punitive and exemplary damages from Defendants in such an amount as shall be necessary and appropriate to punish Defendants and to deter them and anyone else from ever committing similar indecencies upon human remains again.

### **FOR A SEVENTH CAUSE OF ACTION**

61. The allegations contained in paragraphs 1 through 60 are reiterated as fully as if repeated verbatim herein.

62. The Defendants owed a duty to Plaintiffs, the immediate family of Decedent to ensure Decedent's remains were prepared in a competent and professional manner and/or disposed of in an appropriate manner by cremation. Defendants negligently, recklessly, maliciously, wantonly, and/or intentionally mishandled and mutilated Decedent's remains by one or more of the following ways:

    a.    failing to embalm or properly embalm the body of Decedent;

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

  b. failing to order the cremation of Decedent's body;

  c. failing to take any of the necessary and reasonable measures to cremate the body of Decedent;

  d. failing to ensure that all necessary and reasonable measures were taken to cremate the body of Decedent;

  e. failing to maintain Decedent's body in an appropriate temperature;

  f. failing to properly store Decedent's body;

  g. failing to maintain the body of Decedent in any reasonable or prudent way under the facts and circumstances then existing;

  h. failing to keep Decedent's body in a good condition;

  i. failing to notify or otherwise advise Plaintiffs as to the status of the body of the Decedent;

  j. failing to notice that Decedent's body was deteriorating and decomposing;

  k. failing to advise Plaintiffs of their failure to properly preserve the body and/or cremate the body of decedent;

  l. failing to keep itself apprised or adequately apprised of the condition of Decedent's body;

  m. failing to properly store Decedent's body;

  n. intentionally storing Decedent's body in a manner which any reasonable person would know would lead to the decomposition and rotting of the body of Decedent;

  o. failure to treat the body of Decedent with the care reasonably expected under the circumstances;

63. Defendants so maliciously, wantonly, and/or negligently mistreated the body of Decedent that malice can be implied. Defendants acted in a manner that exhibited a total want of care sufficient to create a presumption of a conscious indifference to the consequences and to the

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

effects on the Plaintiffs. Defendants showed a considerable amount of malice since it knew that Plaintiffs would suffer severe agony and mental distress when confronted with the callousness, indifference, insults and indignities of learning of the mutilation of the body of Decedent at the hands of the Defendants.

64. Defendants acted in a wanton, outrageous and careless manner that was recklessly indifferent to the rights of the Deceased and to the rights of Plaintiffs to have the remains of their loved one properly respectfully treated.

65. Defendants' actions were so grossly negligent, wanton and/or reckless as to the equivalent to the intentional violation of the rights of Plaintiffs.

66. As a direct and proximate result of Defendants' conduct, in great indifference to the effect of their conduct on Plaintiffs', Plaintiffs were shocked and overwhelmed when they learned of the terrible condition of the body of Decedent and were forced to deal with the realization of the horrible condition of Decedent's body. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

67. As a direct and proximate result of the foregoing, Plaintiffs have suffered and continue to suffer severe mental anguish and emotional distress. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

68. In its conduct, Defendants acted intentionally, knowingly, and with oppression, fraud and malice and in reckless and conscious disregard of the rights of the Plaintiffs. Plaintiffs

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

are therefore entitled to actual, punitive and exemplary damages from Defendants in such an amount as shall be necessary and appropriate to punish Defendants and to deter them and anyone else from ever committing similar indecencies upon human remains again.

## FOR AN EIGHTH CAUSE OF ACTION

69. The allegations contained in paragraphs 1 through 68 are reiterated as fully as if repeated verbatim herein.

70. Plaintiffs and Defendants entered into a contract wherein Defendants agreed to cremate the remains of the decedent.

71. Defendants' breached this contract by failing to cremate the remains of the decedent.

72. Defendants' breach was accompanied by a fraudulent act and fraudulent intent related to the breach in one or more of the following ways;

    a. Defendants lied to Plaintiffs as to their intentions under the contract;

    b. Defendants held themselves out as licensed funeral directors when they were not;

    c. Defendants illegally conspired to run funeral homes under the licenses of persons not involved in the actual funeral;

    d. Defendants' never intended to cremate the body of the decedent;

    e. and in other ways.

73. As a direct and proximate result of Defendants' conduct, in great indifference to the effect of their conduct on Plaintiffs', Plaintiffs were shocked and overwhelmed when they learned of the terrible condition of the body of Decedent and were forced to deal with the

16

realization of the horrible condition of Decedent's body. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

74. Plaintiffs are entitled to actual, punitive and exemplary damages from Defendants in such an amount as shall be necessary and appropriate to punish Defendants and to deter them and anyone else from ever committing similar indecencies upon human remains again.

## FOR A NINTH CAUSE OF ACTION

75. The allegations contained in paragraphs 1 through 74 are reiterated as fully as if repeated verbatim herein.

76. Defendants represented to Plaintiffs that they were all licensed funeral home directors under the laws and regulations of the State of South Carolina and that they would properly dispose of the decedents remains.

77. Defendants failed to disclose to Plaintiffs that no licensed funeral home director was involved in the disposition of the decedent's body. Defendants Mattison, and Meadows were using the licenses of Defendants Cummings and/or Young to conduct funeral services. Further Defendants actions show that they never intended to carry out the cremation of the decedents remains.

78. Defendants knew that their activities were illegal and in direct contradiction to South Carolina State Law and the regulations created thereunder. They further concealed from Plaintiffs that they were not going to properly dispose of the remains.

79. Defendants intended for Plaintiffs to hire them based upon the fraudulent representations and knew that Plaintiffs would not if they knew the truth.

17

80. Plaintiffs relied upon the representations and hired the Defendants to conduct funeral services for the decedent.

81. Decedents intentionally hid and concealed their illegal acts of conspiring to run an illegal funeral home. This was done to deceive Plaintiffs and Plaintiffs had a right to rely upon the representations made by Defendants that they were properly licensed and that they would properly dispose of the decedent's body.

82. At the time of Defendants promises and representations to Plaintiffs that they were licensed and would properly dispose of the body of the decedent as promised, the Defendants had no present intent to perform their duties as promised.

83. Defendants act of placing the body of the decedent into a storage room, and the continuing acts of attempting to conceal its location by placing blankets on the body, putting incense and other odor covering material around the body and locking the door to the room is proof of not only that there was no intent to perform the promises to Plaintiffs, but a continuing intent to not carry out the promises made to Plaintiffs.

84. As a direct and proximate result of Defendants' conduct, in great indifference to the effect of their conduct on Plaintiffs', Plaintiffs were shocked and overwhelmed when they learned of the terrible condition of the body of Decedent and were forced to deal with the realization of the horrible condition of Decedent's body. Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent. Plaintiffs will be in need of care, now and for the foreseeable future.

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

85. Plaintiffs are entitled to actual, punitive and exemplary damages from Defendants in such an amount as shall be necessary and appropriate to punish Defendants and to deter them and anyone else from ever committing similar indecencies upon human remains again.

## FOR A TENTH CAUSE OF ACTION

86. The allegations contained in paragraphs 1 through 85 are reiterated as fully as if repeated verbatim herein.

87. Defendants acts as described above violate the South Carolina Unfair Trade Practices Act.

88. Defendants misrepresentations and actions affect the public interest as they are in violation of South Carolina statutes and regulations which were enacted to specifically stop the actions taken by Defendants in this case.

89. Defendants actions are subject to repetition as anyone could pretend to hold certain licenses from the State for the sole purpose of profit as the Defendants did in this case.

90. Defendants acts are unsafe, unsanitary and could lead to the outbreak of diseases if repeated.

91. As a direct and proximate result of Defendants' conduct, in great indifference to the effect of their conduct on Plaintiffs', Plaintiffs were shocked and overwhelmed when they learned of the terrible condition of the body of Decedent and were forced to deal with the realization of the horrible condition of Decedent's body.  Plaintiffs have had to seek the advice, counsel, and care of medical professionals to aid them in dealing with the unthinkable indignities subjected upon the body of the decedent.  Plaintiffs will be in need of care, now and for the foreseeable future.

ELECTRONICALLY FILED - 2018 Mar 07 3:52 PM - GREENWOOD - COMMON PLEAS - CASE#2018CP2400203

92.     Plaintiffs are entitled to actual, punitive and exemplary damages from Defendants in such an amount as shall be necessary and appropriate to punish Defendants and to deter them and anyone else from ever committing similar indecencies upon human remains again.

WHEREFORE, Plaintiffs pray that this Court inquire into the matters outlined herein and issue its Order granting the relief requested and for such other and further relief as this Court may deem just and proper.

                              MOORE TAYLOR LAW FIRM, P.A.

                              By:  s/Christian G. Spradley
                                      Christian G. Spradley
                                      110 S. Main Street
                                      Saluda, SC  29138
                                      (864) 445-4544
                                      Attorney for the Plaintiffs

Saluda, South Carolina
March 7th       , 2018